U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 20 2018

CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SCROGGINS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-079-A |
| | § | |
| ERIC D. WILSON, WARDEN, | § | |
| | § | |
| Respondent. | § | |

ORDER

Came on for consideration the application of Christopher Scroggins ("applicant") for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The court, having considered the application, the response of Eric. D. Wilson, Warden, the reply, the record, and applicable authorities, finds that the application must be denied.

I.

Background

Applicant is incarcerated at the Federal Medical Center at Fort Worth. On March 30, 2017, he was issued a disciplinary incident report for violations of BOP Prohibited Acts Codes 306 and 330: Refusing Work/Program Assignment; Being Unsanitary or

---

[1] The document filed by applicant reflects that it is a "petition" and that he is "petitioner." However, the statute itself, 28 U.S.C. §2241, refers to "application" as being the proper nomenclature.

Untidy. Doc.² 10 at 13. The Unit Discipline Committee review was conducted April 5, 2017, and determined that applicant committed the prohibited act as charged. Id. It sanctioned applicant with 30-days' loss of phone, commissary, visiting, and email privileges, and loss of quarters. Id.

II.

Ground of the Motion

Applicant says that the incident report was issued in retaliation for his earlier complaint that several staff members conspired to change his inmate custody classification form to falsely increase his custody score and prevent him from the eligibility he sought for designation to a prison camp. Doc. 2 at 2-3. Applicant says that the report falsely accused him of failing to make his bed. Applicant says his bunk was made and the wrong bunk number was placed on the report. He says that he was found guilty by a kangaroo court and, to cover up the wrong bunk number being put on the report, staffers repainted the bunk numbers after applicant's conviction. Id. at 3-4.

Applicant says that he has exhausted his administrative remedies. Doc. 2 at 1. He seeks expungement of the incident report. Doc. 1 at 7.

---

²The "Doc. __" reference is to the number of the item on the docket in this action.

III.

## Applicable Legal Principles

Federal courts cannot retry every prison disciplinary dispute. <u>Reeves v. Pettcox</u>, 19 F.3d 1060, 1062 (5th Cir. 1994). Rather, they may act only where arbitrary or capricious action is shown in connection with a disciplinary hearing that involves a liberty interest--that is, restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995). In such cases, due process is satisfied where the inmate receives: (1) 24-hour advanced written notice of the charges against him; (2) an opportunity to call witnesses and present documentary evidence in his defense; and (3) a written statement from the fact-finder that includes the evidence relied on and the reasons for the action taken. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 563-67 (1974). If those requirements are met, the court only looks to see whether there is some evidence in the record that could support the findings made at the hearing. <u>Superintendent, Mass. Corr. Inst. v. Hill</u>, 472 U.S. 445, 455-56 (1985).

IV.

## Analysis

In this case, the privileges lost by applicant do not amount to more than ordinary incidents of prison life. Prisoners do not

3

have a right to be free from every adverse change in conditions of their confinement. Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). Loss of commissary, telephone, email, living quarters, and visiting privileges do not implicate due process concerns. Malchi v. Thaler, 211 F.3d 953, 958 (5th Cir. 2000); Madison, 104 F.3d at 768. Nor does failure of prison officials to follow their own regulations rise to the level of a constitutional violation. Walls v. Chapman, 408 F. App'x 858. 859 (5th Cir. 2011).

V.

Order

The court ORDERS that applicant's application for writ of habeas corpus be, and is hereby, denied.

SIGNED March 20, 2018.

_____
JOHN MCBRYDE
United States District Judge